Ryan Lee, Esq. (SBN 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal, Esq. (SBN 279334)
mrosenthal@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 861-1390
Attorneys for Plaintiff,
LLOYD RUTHERFORD

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| LLOYD RUTHERFORD, ) | **Case No.:** |
| ) | |
| Plaintiff, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| v. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| GC SERVICES, LP, ) | |
| ) | |
| ) | |
| Defendant. ) | |

LLOYD RUTHERFORD (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES, LP (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state law claims contained herein.

4. Defendant conducts business in the state of California; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in El Dorado, El Dorado County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with offices in Houston, Texas.

## FACTUAL ALLEGATIONS

10. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11. Plaintiff's alleged debt arises from transactions for personal, household, and family purposes.

12. Defendant places collection calls to Plaintiff at 530-409-3975.

13. In or around January of 2014, Defendant placed a collection call to Plaintiff and left a voicemail message.

14. In the voicemail message, Defendant's representative, "Eva Ryan," failed to disclose the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt. *See* Transcribed Voicemail Message attached hereto as Exhibit "A."

PLAINTIFF'S COMPLAINT

15. In the voicemail message, Defendant's representative, "Eva Ryan," directed Plaintiff to return the call to 866-391-0768 extension 5074, which is a number that belongs to Defendant.  *See* Exhibit "A."

16. In or around January of 2014, Defendant placed a collection call to Plaintiff and left a second voicemail message.

17. In the second voicemail message, Defendant's representative, "Eva Ryan," failed to disclose the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt.  *See* Transcribed Voicemail Message attached hereto as Exhibit "B."

18. In the second voicemail message, Defendant's representative, "Eva Ryan," directed Plaintiff to return the call to 866-391-0768 extension 5074, which is a number that belongs to Defendant.  *See* Exhibit "B."

19. In or around January of 2014, Defendant placed a collection call to Plaintiff and left a third voicemail message.

20. In the third voicemail message, Defendant's representative, "Eva Ryan," failed to disclose the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt.  *See* Transcribed Voicemail Message attached hereto as Exhibit "C."

21. In the third voicemail message, Defendant's representative, "Eva Ryan," directed Plaintiff to return the call to 866-391-0768 extension 5074, which is a number that belongs to Defendant.  *See* Exhibit "C."

22. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an

PLAINTIFF'S COMPLAINT

attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity.

    b. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection  with the collection of the debt;

    c. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff, LLOYD RUTHERFORD respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

24. Statutory damages of $1000.00  pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

26. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

28. Defendant violated the RFDCPA based on the following:

    a. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

WHEREFORE, Plaintiff, LLOYD RUTHERFORD, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

29. Statutory damages of $1000.00  pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

30. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

31. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

DATED:  March 16, 2015                    KROHN & MOSS, LTD.


By: /s/Ryan Lee

Ryan Lee
Attorney for Plaintiff

- 5 -